**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Rosmarin, et al., | No. CV-18-00511-TUC-LAB |
| Plaintiffs, | **ORDER** |
| v. | |
| Experienced Transport Incorporated, | |
| Defendant. | |

This order has been prepared for the signature of the designee of the Chief United States District Judge pursuant to General Order 18-20.

Pending before the court is a motion for default judgment filed by the plaintiffs on July 1, 2019. (Doc. 21). The defendant was served but has not yet appeared. *Id.*

The plaintiffs in this case allege that defendant failed to properly transport their household goods from New Jersey to Arizona. (Doc. 1); (Doc. 17). Their complaint raises two causes of action: a violation of the Carmack Amendment (49 U.S.C. § 14706), which "governs the terms of interstate shipment by domestic rail and motor carriers," and intentional infliction of emotional distress. *Id.*; *Direct Connect Logistix, Inc. v. Rd. Kings Trucking Inc.*, 2016 WL 6608924, at *4 (E.D. Cal. 2016). On December 4, 2018, the Clerk entered default against the defendant for failing to appear. (Doc. 13). The plaintiffs moved for a default judgment, but the court denied the motion without prejudice explaining that the complaint failed to properly state all the elements of a Carmack

Amendment claim. (Doc. 16). The plaintiffs filed an amended complaint on March 8, 2019. (Doc. 17). The Clerk entered default on May 14, 2019. (Doc. 20). In the pending motion, the plaintiffs again move for default judgment against the defendant pursuant to Fed.R.Civ.P. 55(b). (Doc. 21). The court held an evidentiary hearing on August 12, 2019. (Doc. 23).

*Discussion*

After the entry of default, the court may issue a default judgment against a non-appearing party. Fed.R.Civ.P. 55(b)(2). The decision to issue judgment is a matter left to the sound discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of [the] plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). The court will assume the factual allegations made in the complaint are true, except those related to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-918 (9th Cir. 1987).

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that should be awarded*." Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012). The court may hold a hearing or "rely on declarations submitted by the parties." *Id*. at 1079.

The court first considers the sufficiency of the complaint. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) ("[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment."); *Adobe Sys., Inc. v. Tilley*, 2010 WL

309249, at *3 (N.D. Cal. 2010) ("[W]here the allegations in a complaint are not 'well-pleaded,' liability is not established by virtue of the defendant's default and default judgment should not be entered."). The court will consider the two claims for relief in turn beginning with the plaintiffs' claim of intentional infliction of emotional distress.

"A plaintiff suing for intentional infliction of emotional distress must prove the defendant caused severe emotional distress by extreme and outrageous conduct committed with the intent to cause emotional distress or with reckless disregard of the near-certainty that such distress would result." *Watkins v. Arpaio*, 239 Ariz. 168, 170–71, 367 P.3d 72, 74–75 (App. 2016). "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." Restatement 2nd Torts § 46, comment d. "Liability has been found only where the conduct has been so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*.

The plaintiffs allege in the complaint that the defendant concealed the fact that some of their possessions were loaded onto a truck that was involved in a serious traffic accident and that those possessions were seized by a towage company. (Doc. 17, p. 3). Later, the defendant falsely told the plaintiffs that all of their goods were involved in the accident when some of the goods were at a separate storage facility. Id. This alleged behavior, though certainly infuriating, does not constitute the outrageous conduct necessary to support a claim for intentional infliction of emotional distress. The court therefore will not issue a default judgment on this claim. The court now considers the plaintiffs' claim under the Carmack Amendment.

The Carmack Amendment "was enacted in 1906 as an amendment to the Interstate Commerce Act" and "subjects common carriers and freight forwarders transporting cargo

in interstate commerce to absolute liability for actual loss or injury to property." *Direct Connect Logistix, Inc. v. Rd. Kings Trucking Inc.*, 2016 WL 6608924, at *4 (E.D. Cal. 2016). "A plaintiff must allege three elements to establish a prima facie case of violation of the Carmack Amendment: (1) delivery of the goods to the initial carrier in good condition, (2) damage to the goods before delivery to their final destination, or failure to deliver altogether, and (3) the amount of damages." *Id*.

Here, the plaintiffs allege that (1) they "tendered their household goods and effects in good condition to ETI for interstate transportation from New Jersey to Arizona," (2) "ETI delivered only part of [the] plaintiffs' shipment, more than two (2) months later than the agreed delivery date, in a damaged condition and certain items of [the] plaintiffs' property have never been delivered by ETI," and (3) they have sustained damages "exceeding $10,000.00." (Doc. 17, pp. 3-4). The plaintiffs have stated a proper claim under the Carmack Amendment. *See Direct Connect Logistix, Inc. v. Rd. Kings Trucking Inc.*, 2016 WL 6608924, at *4 (E.D. Cal. 2016).

On August 12, 2019, this court held an evidentiary hearing to allow the plaintiffs an opportunity to submit evidence of their losses. They submitted testimony under oath and written documents that establish damages totaling $6,464.54 in lost or damaged furniture, $8,969.52 in costs related to the delay, and $28,000 as the value of the plaintiffs' time and effort expended to recover their possessions. Evidentiary Hearing, 8/12/2019, Exhibits 1-3. The amounts are reasonable and uncontested.

The court finds that the plaintiffs would be prejudiced if default were not entered. *See Eitel*, 782 F.2d at 1471-1472. Their Carmack Amendment claim is well-pleaded and meritorious. Id. The sum of money at stake is considerable. *Id*. There does not appear to be any possibility of dispute concerning material facts. *Id*. Finally, there is no evidence that the default was the result of excusable neglect. *Id*. There is a "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," but the defendant's failure to appear makes this impossible. *Id*.

Accordingly,

IT IS ORDERED that the motion for default judgment filed by the plaintiffs on July 1, 2019 is Granted in Part. (Doc. 21) Judgment is entered for the plaintiffs on the Carmack Amendment claim in the amount of $43,434.06. The Clerk is instructed to enter judgment and close this case.

Dated this 26th day of August, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge